FILED
MAR 20 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Milton Joseph Taylor, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 14-464 |
| ) | |
| Catholic Charities Organization *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

MEMORANDUM OPINION

This matter is before the Court on review of the plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiff is a District of Columbia resident suing a non-profit organization based in the District, the Catholic Charities Organization for the Archdiocese of Washington, and three of its employees for wrongful termination and defamation of character. Plaintiff also alleges that defendant failed to extend his unemployment benefits.

Plaintiff invokes 42 U.S.C. § 1983, but this statute, by its terms, creates a cause of action against state and District of Columbia actors (as opposed to the non-governmental defendants named here) who are alleged to have violated one's constitutional rights or federal law. Plaintiff has also cited the statute setting forth the "Oaths of justices and judges," 28 U.S.C. § 453, which has no apparent application to the complaint. Plaintiff has not otherwise stated a federal claim or

1

alleged facts to establish diversity jurisdiction. See 28 U.S.C. §§ 1331, 1332; Fed. R. Civ, P. 8(a) (requiring a party seeking relief in the district court to plead facts that bring the suit within the court's jurisdiction); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (A plaintiff's "allegations must be enough to raise a right to relief above the speculative level . . . .") (citations omitted); Aktieselskabet AF 21. Nov. 2001 v. Fame Jeans, Inc., 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) ("We have never accepted 'legal conclusions cast in the form of factual allegations' because a complaint needs some information about the circumstances giving rise to the claims.") (quoting Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)). Hence, this case will be dismissed.[1] A separate Order accompanies this Memorandum Opinion.

Date: February __, 2014

United States District Judge

---

[1] Presumably, plaintiff may seek redress of his claims in the District of Columbia courts.